20-cv-05426-AJN Young v. Empire Today, LLC

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 10/8/2020
```

## CONSENT DECREE

1. This Consent Decree is entered into as of the Effective Date, as defined below, by and between the following parties: Plaintiff Lawrence Young ("Plaintiff") and Defendant Empire Today, LLC ("Defendant") (Plaintiff and Defendant shall hereinafter be collectively referred to as the "Parties" and individually as a "Party") for the purposes and on the terms specified herein.

## RECITALS

2. Title III of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12181 *et seq.* ("ADA"), and its implementing regulations, 28 C.F.R. pt. 36, prohibit discrimination on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations of any place of public accommodation by any private entity that owns, leases (or leases to), or operates any place of public accommodation. 42 U.S.C. § 12182(a); 28 C.F.R. § 36.201(a). Likewise, the N.Y. Exec. Law § 296(2) and N.Y.C. Administrative Code § 8-107(4) prohibit discrimination to a place of public accommodation because of a disability.

3. On or about July 14, 2020, Plaintiff filed a lawsuit in the United States District Court for the Southern District of New York. Plaintiff alleged that Defendant's websites directed at consumers which can be accessed by U.S. based consumers contain barriers that prevent full and equal use by blind persons, in violation of Title III of the ADA, the New York State Human Rights Law, and the New York City Human Rights Law.

4. Defendant expressly denies that it has violated or is violating Title III of the ADA, New York State Human Rights Law, New York City Human Rights Law, or any other applicable federal, state, or local law, rule, regulation, statute, or ordinance. By entry into this Consent Decree,

Defendant does not acknowledge or admit any violation of any law or any wrongdoing of any kind in any respect.

5. This Consent Decree resolves, settles, and compromises all issues between the Parties based on the allegations set forth in Plaintiff's Complaint and those claims or issues which arise from or relate to the allegations and/or the Websites.

## JURISDICTION

6. Plaintiff alleges that Defendant is a private entity that owns and/or operates, or has contracted to have operated, the Websites which are available through the internet to personal computers, laptops, mobile devices, tablets, and other similar technology. Plaintiff contends that Defendant's Websites are a sales and service establishment whose operations affect commerce and a public accommodation subject to Title III of the ADA. 42 U.S.C. §12181(7); 12182(a); 28 C.F.R. §§ 36.104, 36.201(a). Defendant denies that its Websites are public accommodations or a places of public accommodation or are otherwise subject to Title III of the ADA.

7. Plaintiff's claims are brought under the Title III of the ADA, New York State Human Rights Law, and New York City Human Rights Law. All of Plaintiff's claims arise from the same nucleus of operative facts and transactions that implicate claims under the ADA.

8. This Court has original jurisdiction over Plaintiff's ADA claims under 28 U.S.C. §§ 1331, and supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367. The Parties agree that venue is appropriate.

## AGREED RESOLUTION

9. Plaintiff and Defendant agree that it is in the Parties' best interest to resolve this lawsuit on mutually agreeable terms without further litigation. Accordingly, the Parties agree to

the entry of this Consent Decree without trial or further adjudication of any issues of fact or law raised in the Complaint.

10. Pursuant to supplemental jurisdiction, an attendant and related cause of action arising from the same nucleus of operative facts and arising out of the same transactions is also brought under the New York State Human Rights Law and New York City Human Rights Law.

In resolution of this action, the Parties hereby AGREE and the Court expressly APPROVES, ENTERS, AND ORDERS the following:

## DEFINITIONS

11. "Effective Date" means the date on which this Consent Decree is entered on the Court's Docket Sheet following approval by the Court.

12. "Person(s) with a visual impairment" means any person who has a visual impairment who meets the legal definition of blindness in that they have as visual acuity with correction of less than or equal to 20 x 200.

13. "Websites" means the U.S. portion of the webpages owned and operated by or on behalf of Defendant that allow consumers to obtain information about Defendant's products and purchase products online for delivery or in-store pickup, including mobile apps located at the following domains https://www.empiretoday.com and https://www.luna.com. "Websites" does not include any Third-Party Content (as defined below), nor does it apply to any portions of the Websites directed at business users or Defendant's business partners, or those designated for internal use by Defendant or its affiliates or to websites not owned, operated, or controlled by Defendant but that are linked from or to Websites or mobile applications.

14. Third-Party Content means web content that is generated by a third party and not owned, coded, managed, operated by or on behalf of Defendant, or hosted on the Websites.

**TERM**

15. The term of this Consent Decree shall commence as of the Effective Date and remain in effect for six (6) years from the Effective Date.

**ACCESSIBILITY UNDERTAKINGS**

16. **Defendant's Obligations.** Within 30 days of the Effective Date ("Modification Period"), Defendant will undertake the following actions with respect to the Websites:

   a. Post an accessibility banner on every page of the Websites that (i) is designed to be identified and accurately dictated by at least one of the following screen reading technologies: JAWS, AXE, Usablenet, or a substantially comparable tool or software, and (ii) notifies users that they can call a specified toll-free number for assistance if they are using screen reader software and are having problems using the website ("Assistance Number");

   b. Provide live customer service representatives to answer the Assistance Number in order to assist customers in accessing the information, goods, and services on the Websites; and

   c. Run quarterly tests on the Websites using JAWS, AXE, Usablenet, or a substantially comparable tool or software, to verify they meet the Worldwide Web Consortium's Web Content Accessibility Guidelines WCAG 2.1 Level AA Success Criteria ("WCAG Criteria"), and correct any deviations from the WCAG Criteria that are identified during such testing within 30 days of such testing to the extent that they are readily achievable and technically feasible.

d. Notwithstanding the foregoing, Defendant is not obligated to comply with this Consent Decree to the extent that a development in the law expressly imposes less obligations on Defendant than those stated herein.

17. **Plaintiff's Right to Conduct Compliance Audit**: Plaintiff (through Plaintiff's counsel) shall have the right to perform, at his own cost, his own accessibility testing of the Websites. Plaintiff (through Plaintiff's counsel) shall have thirty (30) days from the end of the Modification Period to identify to Defendant in writing any ways in which he reasonably believes and contends that Defendant has not substantially complied with their obligations under Paragraph 17 above. Such written notice shall specify in detail the alleged breach and the reason why Plaintiff believes that Defendant has not substantially complied with their obligations under Paragraph 17 above. If Plaintiff does not raise any issues in writing within the applicable 30-day time frame, Plaintiff will be deemed to have waived any and all remaining rights to challenge the accessibility of the Websites. If Plaintiff raises any purported failure(s) of Defendant to substantially comply with their obligations under paragraph 17 in writing within the permitted 30-day window provided above, the Parties (through their respective counsel) shall meet and confer within sixty (60) days thereafter in good faith to determine a resolution of the issue(s); provided, however, that Plaintiff acknowledges and waives any and all rights that he may otherwise have to recover from Defendant any damages, attorneys' or experts' fees, costs, expenses, or disbursements of any kind related to any such activity.

18. **Effect of Compliance with Paragraph 17.** During the period of time that Defendant satisfies the obligations identified in Paragraph 17 above, they shall not be deemed in violation of the ADA or the New York State Human Rights Law and New York City Human

Rights Law, on the basis that the Websites, or any portion(s) thereof, are not accessible to persons with a visual impairment.

## SPECIFIC RELIEF TO PLAINTIFF

19. **Specific Relief**: Plaintiff and Defendant have agreed to settle all matters relating to costs, damages, attorneys' fees, experts' fees, and other financial matters through a separate confidential settlement agreement, the terms of which regarding changes to Defendant's Websites are consistent with this Consent Decree (the "Settlement Agreement"), but the Settlement Agreement is not incorporated herein.

## PROCEDURES IN THE EVENT OF DISPUTES

20. The procedures set forth in Paragraphs 18, and 21-32 must be exhausted in the event that Plaintiff alleges that Defendant has failed to meet its obligations pursuant to this Consent Decree. There will be no breach of this Consent Decree by Defendant in connection with such allegations until all such procedures have been exhausted.

21. Plaintiff will notify Defendant in writing if he believes that the Websites are in any way not compliant with this Consent Decree in accordance with the timeline and procedures set forth in Paragraphs 18 and 23-31.

22. If any issue remains unresolved following the Parties' compliance with the procedures set forth above, within ninety (90) days thereafter, the Parties will each have an additional sixty (60) days to select an expert and the two selected experts will mutually select an independent expert (the "Accessibility Consultant") with experience in accessible website design who will evaluate the particular item(s) raised based on whether those item(s) of the Website are in substantial conformance with Defendant's obligations under Paragraph 17.

**Error! Unknown document property name.**

23. The Parties agree that no breach of this Consent Decree shall be deemed to have occurred unless (a) the Accessibility Consultant determines that the particular item(s) of the Websites is not in substantial conformance with Defendant's obligations under Paragraph 17 and (b) Defendant fails to remedy the issue within a reasonable period of time of not less than ninety (90) days of receiving the Accessibility Consultant's written opinion. If the Accessibility Consultant believes that a reasonable time to remedy the items found to be not usable is longer than 60 days, then the Parties may agree on a longer time period without leave of Court so long as the extension is documented in writing and executed by the Parties to this Agreement or their respective counsel.

24. Should the Parties thereafter have a dispute regarding an issue raised in a notice given under Paragraphs 18 or 22, after the procedures in Paragraphs 22-24 have been exhausted, the dispute shall be handled pursuant to the procedures set forth in Paragraphs 26-30.

25. If a Party believes that any other Party has not complied with any provision of the Consent Decree, that Party shall provide the other Party with Notice of Non-Compliance containing the following information: (i) the alleged act of non-compliance; (ii) a reference to the specific provision(s) of the Consent Decree that are involved; (iii) a statement of the remedial action sought by the initiating party; and (iv) a brief statement of the specific facts, circumstances, and legal argument supporting the position of the initiating party.

26. Within forty-five (45) days of receipt of a Notice pursuant to Paragraph 26, the non-initiating Party shall respond to the initiating Party in writing.

27. Within fourteen (14) days after the response described in Paragraph 27, the Parties shall informally meet and confer and attempt to resolve the issues raised in the Notice.

28. If the matters raised in a Notice provided pursuant to the above are not resolved within forty-five (45) days of the initial meet and confer required by Paragraph 28, either Party may submit the unresolved matters to nonbinding mediation before a mediator chosen by the Parties. If the designated mediator is unable to serve as mediator or the Parties cannot agree to a mediator, then a mediator affiliated with Judicial Arbitration & Mediation Services ("JAMS") shall be appointed. All costs of any mediation shall be borne equally by the Parties. Each Party shall bear their own attorney fees and expert fees in connection with any mediation.

29. If the dispute is not resolved in mediation, the Parties then will submit the matter for binding arbitration before a single arbitrator affiliated with JAMS. The arbitration hearing shall be conducted at a mutually convenient location and pursuant to JAMS Streamlined Arbitration Rules and Procedures. Those Rules will be modified as necessary to ensure that the hearing is held as soon as practicable after the submission to arbitration, and that a written decision on the matter is rendered within sixty (60) days of the last hearing date with each Party to bear their own fees and costs. The award of the arbitrator will be enforceable in this Court. All costs of any arbitration shall be borne equally by the Parties. Each Party shall bear their own attorney fees and expert fees in connection with any arbitration.

30. Any of the time periods set forth in Paragraphs 18 and 21-30 may be extended by mutual agreement of the Parties.

31. Any notice or communication required or permitted to be given to the Parties hereunder shall be given in writing by e-mail and by overnight express mail or United States First Class Mail, addressed as follows:

To Plaintiff:

Jeffrey M. Gottlieb
GOTTLIEB & ASSOCIATES
150 East 18th Street, Suite PHR

**Error! Unknown document property name.**

New York, New York 10003
Tel: (212) 228-9795
Email: Jeffrey@gottlieb.legal

To Defendant:

Joel Griswold
BAKER & HOSTETLER LLP
200 S. Orange Ave., Suite 2300
Orlando, FL 32801-3432
Tel: (407) 649-4088
Email: jcgriswold@bakerlaw.com

And

Hillary Victor
Senior Vice President, General Counsel
Empire Today, LLC
333 Northwest Avenue
Northlake, IL 60164
hvictor@empiretoday.com

## MODIFICATION

32. No modification of this Consent Decree shall be effective unless in writing and signed by authorized representatives of all Parties.

## ENFORCEMENT AND OTHER PROVISIONS

33. The interpretation and enforcement of this Consent Decree shall be governed by the laws of the State of New York. This Court shall retain jurisdiction over this matter for purposes of enforcement of this Consent Decree in accordance with its terms.

34. Except for the Settlement Agreement, which is not incorporated herein, this Consent Decree contains the entire agreement of Plaintiff and Defendant concerning the subject matter described and addressed herein, and no other statement, promise, or agreement, either written or oral, made by any party or agent of any party, that is not contained in this Consent Decree shall be enforceable.

35. If any provision of this Consent Decree is determined to be invalid, unenforceable, or otherwise contrary to applicable law, such provision shall be deemed restated to reflect as nearly as possible and to the fullest extent permitted by applicable law its original intent and shall not, in any event, affect any other provisions, all of which shall remain valid and enforceable to the fullest extent permitted by applicable law.

## PERSONS BOUND

36. This Consent Decree shall be binding on the Parties and their successors and assigns. In the event that Defendant seeks to transfer or assign all or part of their interest in any service covered by this Consent Decree, and the successor or assign intends on carrying on the same or similar use of the Websites or online services, then the successor or assignee shall be solely responsible for the obligations remaining under this Consent Decree for the duration of the remaining term of the Consent Decree.

37. The Parties to this Consent Decree expressly intend and agree, and by entering the Consent Decree, the Court also intends that this Consent Decree shall inure to the benefit of any persons with a visual impairment who seek to access the Websites, and such persons shall constitute third-party beneficiaries to this Consent Decree to the maximum extent provided by law. Such third-party beneficiaries shall be entitled to enforce the provisions of this Consent Decree against Defendant and enforce the dispute resolution provisions herein, regardless of where they reside in the United States.

38. Plaintiff and Defendant agree that, as of the date of entry of this Consent Decree, litigation is not "reasonably foreseeable" concerning the matters described herein and alleged in the Complaint. To the extent that any of the Parties previously implemented a litigation hold to preserve documents, electronically stored information, or things related to the matters described

**Error! Unknown document property name.**

in the Complaint and/or this Consent Decree, the Party is no longer required to maintain such a litigation hold. Nothing in this paragraph relieves any Party of any other obligations imposed by this Consent Decree.

39. The signatories represent that they have the authority to bind the respective Parties to this Consent Decree.

## CONSENT DECREE HAS BEEN READ

40. This Consent Decree has been carefully read by each of the Parties, and its contents are known and understood by each of the Parties. This Consent Decree is signed freely by each Party executing it. The Parties each had an opportunity to consult with their counsel prior to executing the Consent Decree.

Agreed and Consented to this  Sept. 25 , 2020.

_____          _____
Lawrence Young, Plaintiff                By Keith R. Weinberger, CEO

                                         Empire Today, LLC

SO ORDERED.

10/7/2020

Error! Unknown document property name.